IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES GRAY,

    Plaintiff,

vs.                                          No. CIV 00-863 MV/DJS

ERMINIO MARTINEZ, individually and
in his official capacity as Magistrate
Judge of Division 1, Taos, NM, his
spouse, heirs and estate, if any, JULIA
MADRID, a clerk at Magistrate Court
Division 1, her spouse, heirs and estate, if
any, ANTHONY TRUJILLO,
individually and in his official capacity as
NMSP, Taos, his spouse, heirs and estate,
if any, STEVE RAEL, his spouse, heirs
and estate, if any, GARY MARK COOK,
his spouse, heirs and estate, if any,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Rael and Cook's Motion for Attorney's Fees, filed March 27, 2001 **[Doc. No. 28]**. Having considered the motion, response, relevant law and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

This was an action brought under 42 U.S.C. §§ 1983, 1984, 1985, 1986; 28 U.S.C. §§ 1331 and 1343; 18 U.S.C. §§ 1961-1964 and other federal statutes. Plaintiff's "Narrative

1

History," attached to his complaint, sets forth a long and sordid history between Plaintiff and Defendants Cook, Rael, Martinez, Madrid and Trujillo, stemming from a dispute about Plaintiff's lease agreement with Defendant Rael. The Court will not repeat the full breadth of Mr. Gray's complaint, but among his complaints are that he was harassed by the defendants and that Defendants Martinez, Madrid and Trujillo conspired to deprive him of his constitutional rights.

On July 10, 2000, defendants Erminio Martinez, Julia Madrid and Anthony Trujillo filed a motion to dismiss the complaint against them. That same day, Defendants Steve Rael and Gary Mark Cook filed a motion to dismiss the complaint against them. Plaintiff did not respond, although on September 7, 2000, Plaintiff filed a motion for extension of 30 days to allow retention of counsel. The motion was unopposed. No counsel entered an appearance on Plaintiff's behalf, and Plaintiff did not file a response. On November 24, 2000, this Court issued an Order to Show Cause as to why Defendants' motions to dismiss should not be granted. Because Plaintiff did not respond to Defendants' motions to dismiss, nor did Plaintiff respond to this Court's Order to Show Cause, the Court dismissed Plaintiff's first amended complaint with prejudice.

Defendants Cook and Rael now bring a motion for attorneys' fees under 42 U.S.C. § 1988 in the amount of $2,973.80.

## DISCUSSION

In federal civil rights cases, "the court, in its discretion, may allow the prevailing party... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Congress intended to permit an award of counsel fees only when a party has prevailed on the merits. 42 U.S.C. § 1988; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this case, the case was dismissed on the

procedural ground that Plaintiff did not respond to the motion to dismiss. Therefore, attorney's fees are not warranted.

Further, it is a rare case when attorney's fees are awarded to a defendant in a civil rights action. While the prevailing plaintiff in a civil rights action is ordinarily entitled to attorney's fees, *see Hensley v. Eckerhart*, 461 U. S. 424, 429 (1983), the prevailing defendant may recover attorney's fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. *See Utah Women's Clinic, Inc. v. Leavitt*, 136 F. 3d 707, 709 (10th Cir. 1998); *Hensley*, 461 U.S. at 429 n.2. The Court does not find that Plaintiff's suit was vexatious, frivolous or brought to harass or embarrass the defendants. Plaintiff is not an attorney; therefore, the fact that he did not make the correct legal arguments does not make his complaint frivolous. His factual contentions were serious and supported by numerous documents attached to his complaint. It is not the case, as Defendants contend, that "no credible evidence" was offered to support Mr. Gray's claims. In fact, Plaintiff made serious allegations about the behavior of Defendants that, had this Court considered Plaintiff's case on the merits, would have given the Court pause.

Therefore, the Court finds that this action was not vexatious, frivolous or brought to harass or embarrass the defendants. Attorney's fees are not appropriate.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Rael and Cook's Motion for Attorney's Fees is hereby **DENIED.**

Dated this 17th day of September, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiff</u>:
    Pro se
<u>Attorney for Defendants Rael and Cook</u>:
    Bruce Kelly